Amy J. Wallace, State Bar of AZ #9581
**GILLESPIE, SHIELDS & DURRANT**
7319 North 16th Street, Suite 100
Phoenix, Arizona 85020
Telephone: (602) 870-9700
Fax: (602) 870-9783
E-mail: awallace@gillaw.com
Send Court Documents to: mailroom@gillaw.com
Attorneys for Plaintiff Douglas Musielak

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas Musielak,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>Knight Transportation, Inc.; Knight International,<br><br>　　　　　Defendants | Case # CV<br><br>COMPLAINT FOR DAMAGES<br>DEMAND FOR TRIAL BY JURY |

　　　Plaintiff Douglas Musielak ("Musielak), by and through his undersigned attorney of record, Amy Wallace of Gillespie, Shields & Durrant seeks relief in this Complaint and Demand for Trial by Jury against Defendant Knight Transportation, Inc., an Arizona corporation and Knight International, entity unknown, (collectively "Knight") on his claim for relief for violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. 623(a) pursuant to Federal Rules of Civil Procedure, Rules 3,7(a)1, 8(a), and 38 (a,b):

**ONE CLAIM PRESENTED**

　　　**Count One**:　Age Discrimination in violation of the ADEA, 29 U.S.C 623(a) 1, pursuant to 29 U.S.C. 626(b) and 29 U.S.C. 216(b)

**Fact Allegations**

　　　1.　　Musielak was at all times material to this Complaint, an adult resident of Maricopa County, Arizona.

　　　2.　　Knight is, and was at all times material to this Complaint:

      (A)    An Arizona corporation, with its principal place of business located in Phoenix, Maricopa County, Arizona; and

      (B)    An "employer" as that term is defined in 29 U.S.C. 203(d), and used in 29 U.S.C. 207(a); and

      (C)    An "enterprise engaged in commerce or in the production of goods for commerce" as that term is defined in 29 U.S.C. 203 (r,s).

3. Musielak was hired by Knight in July 2000 as a truck driver in the container division.

4. During his 10-year employment with Knight, Musielak had an exemplary record as a truck driver in the container division with no record of any discipline or reprimand from Knight.

5. On December 1, 2010, Musielak picked up an ocean container at the Los Angeles Harbor. He performed the pre-trip inspection on the container before leaving the harbor and found no deficiencies with the container, including its tires, before leaving the harbor.

6. On December 9, 2010, Jason Wallace ("Wallace") Supervisor of Knight's Ocean Division called Musielak into his office and fired Musielak for failing to perform a pre-trip inspection on the container he picked up on December 1, 2010. Musielak was 53 years-old at the time of his termination.

7. As "proof" of Musielak's alleged failure to do a pre-trip inspection, Wallace showed Musielak a picture of a bald tire on Wallace's computer. There was no identification of the tire, including whether it was even on the container Musielak picked up on December 1, 2010.

8. At the time of the termination, Wallace refused to discuss the matter with Musielak and refused to answer of any of Musielak's questions regarding his termination. The termination was completely pre-textual and done solely to remove Musielak, an older worker, from employment in order to replace him with a younger driver.

9. In fact, Musielak did not pick up or drive a container with a bald tire at any time on December 1, 2010 or at any time during his employment   Furthermore, had the container in question contained a bald tire, it would not have passed its pre-trip inspection and would not have been permitted to leave the port in that condition.

10. For a period of time prior to his termination, Musielak noticed that he and other older drivers were being verbally harassed, shut down and forced out in favor of younger employees. The harassment caused Musielak to develop high blood pressure from all the stress, and to seek medical attention as a result.

11. Specifically, Musielak noticed that Knight was bringing in much younger drivers as "owner operators" or "lease" drivers. Typically, younger drivers are company drivers and not owner operators or lease drivers. By bringing in the younger drivers to be owner operators or lease drivers, Knight systematically removed and replaced its older drivers with younger owner operators or lease drivers, putting the older workers out of work.

12. Musielak was unemployed for a period of at least six months following his termination and lost his house as a result of his unemployment.

13. In order to get a job, Musielak had to relocate to the East Coast and accept a position driving a truck at significantly less money than his was making for Knight. Musielak continues to be employed at a salary significantly less than he made while employed at Knight.

### Jurisdiction

14. The United States District Court for Arizona has jurisdiction with respect to this claim pursuant to 28 U.S.C. 1331 because it arises under federal law, and pursuant to 29 U.S.C. 216(b).

### EEOC Charge-Exhaustion Requirement

15. Based upon these facts supra, on March 23, 2011, Musielak filed a timely Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") alleging that he was discriminated and retaliated against based on her disability, Charge # 846-2011-25921. A true copy of that EEOC charge is attached as Exhibit #1 infra, and incorporated herein by reference pursuant to Federal Rules of Civil Procedure Rule 10(c).

16. On February 16, 2012, the EEOC issued its Notice of Right to Sue to Musielak, in response to charge # 846-2011-25921, supra. A true copy of that EEOC

Notice is attached as Exhibit #2 infra, and incorporated herein by reference pursuant to Federal Rules of Civil Procedure Rule 10(c).

### Demand for Trial by Jury

22.  Musielak demands a trial by jury, pursuant to the U.S. Constitution Seventh Amendment and Federal Rules of Civil Procedure Rule 38 (a,b).

### Relief Requested

23.  On the claim of Age Discrimination, 29 U.S.C 623(a) 1, pursuant to 29 U.S.C. 626(b) and 29 U.S.C. 216(b) Musielak requests the following:

A.  All wages, salary, employment benefits and other compensation denied or lost by Musielak as a result of being fired by Knight on December 9, 2010, including front pay, to be doubled pursuant to 29 U.S.C. 216(b).

B.  Injunctive relief pursuant to 29 U.S.C. 626(b).

C.  Musielak's reasonable attorneys fees pursuant to 29 U.S.C. 216(b), and Federal Rules of Civil Procedure, Rule 54(d)2.

D.  Musielak's taxable costs pursuant to 29 U.S.C. 216(b), 28 U.S.C. 1920, and Federal Rules of Civil Procedure, Rule 54(d)1.

RESPECTFULLY submitted this 8th day of May, 2012.


GILLESPIE, SHIELDS & DURRANT


 __/s/ Amy J. Wallace_____
Amy J. Wallace
Attorney for Plaintiff